Case No. 07-13481 (MG)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

MAYNE MILLER,

Debtor

APPELLANT'S DESIGNATION OF ITEMS FOR RECORD
FOR APPEAL AND STATEMENT OF ISSUES ON APPEAL

MAYNE MILLER

21-55 45th Road, 2nd Floor
Long Island City, New York
Mail: P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
Attorney–Debtor

To: Jeffrey L. Sapir
399 Knollwood Road
White Plains, NY 10603
Chapter 13 Trustee

United States Trustee's Office
33 Whitehall Street
New York, NY 10004
(212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                                      Chapter 13

MAYNE MILLER,                                              Case No. 07-B-13481 (MG)
                                    Debtor

### APPELLANT'S DESIGNATION OF ITEMS FOR RECORD
### ON APPEAL AND STATEMENT OF ISSUES ON APPEAL

Mayne Miller as Appellee hereby designates the following items, which are listed on the electronic docket of Case No. 07-13481 (MG), for inclusion in the Record on Appeal and submits the following issues on the appeal of the Orders of the Hon. Martin Glenn, Judge of the United States Bankruptcy Court granting the motion of the Chapter 13 Trustee to dismiss the Debtor's bankruptcy case, entered February 1, 2008, and denying reconsideration thereof, entered February 28, 2008:

### <u>DESIGNATION OF CONTENTS OF RECORD ON APPEAL</u>

1. Motion to Dismiss Case, filed December 20, 2007, by Jeffrey L. Sapir, Chapter 13 Trustee (ECF Doc. # 18).

2. Memorandum and Order of the Hon. James M. Peck Denying Debtor's Motion for Reconsideration of Denial of Extensions of Time,

3. Opposition to Motion to Dismiss, filed January 21, 2008 by Mayne Miller, Debtor (ECF Doc. # 26).

4. Schedules filed: Statement of Financial Affairs, filed January 21, 2008 by Mayne Miller, Debtor (ECF Doc. # 27).

5. Schedules filed: Form 22C, filed January 22, 2008 by Mayne Miller, Debtor (ECF Doc. # 28).

-3-

6. Schedules filed: Schedule A, Schedule B, Schedule C, Schedule D, Schedule F, Schedule G, Schedule I, Schedule J (corrected), filed January 22, 2008 by Mayne Miller, Debtor (ECF Doc. # 29).

7. Proposed Chapter 13 Plan, Phase I and Phase II, filed January 28, 2008 by Mayne Miller, Debtor (ECF Doc. # 30).

8. Operating Report (November, 2007) filed February 1, 2008 by Mayne Miller, Debtor (ECF Doc. # 33).

9. Order of the Hon. Martin Glenn Granting Trustee's Motion to Dismiss Chapter 13 Case, filed February 1, 2008 by Clerk of Court (ECF Doc. # 31.

10. Operating Report (December, 2007) filed February 5, 2007 by Mayne Miller, Debtor (ECF Doc. # 34).

11. Transcript of Hearing, January 24, 2008.

12. Motion to Reconsider Dismissal of Case filed February 7, 2008 by Mayne Miller, Debtor (ECF Doc. # 37).

13. Notice of Continuance of Meeting of Creditors on March 20, 2008 filed February 12, 2008 by Jeffrey L. Sapir, Trustee (ECF Doc. # --).

14. Order to Show Cause to Stay Enforcement of Judgment pending motion pursuant to Rule 9023, filed February 13, 2008 by Mayne Miller, Debtor (ECF Doc. # 39).

15. Opposition to Reconsideration filed February 28, 2008 by Jeffrey L. Sapir, Trustee (ECF Doc. # 41).

16. Reply to Trustee's Opposition to Reconsideration filed March 3, 2008 by Mayne Miller, Debtor (ECF Doc. # 43).

17. Order on the Hon. Martin Glenn Denying Motion for Reconsideration and Order to Show Cause filed February 28, 2008 by Clerk of Court (ECF Doc. # 42).

18. Notice of Appeal filed March 7, 2008 by Mayne Miller, Debtor (ECF Doc. # 47).

-4-

## <u>STATEMENT OF ISSUES PRESENTED ON APPEAL</u>

1. Whether the Debtor has caused any unreasonable delay in his bankruptcy case.

2. Whether any evidence was presented that would tend to prove any unreasonable delay in the Debtor's bankruptcy case.

3. Whether any delay in the Debtor's bankruptcy case was prejudicial to creditors.

4. Whether any delay in the Debtor's bankruptcy case that was or might have been prejudicial to creditors was caused by the Debtor.

5. Whether any evidence was presented that would tend to prove that any delay in the Debtor's bankruptcy case was prejudicial to creditors.

6. Whether any delay in the Debtor's bankruptcy case was caused by circumstances beyond the Debtor's control.

7. Whether the Debtor was obligated to make payments to the Trustee before filing a proposed Chapter 13 Plan.

8. Whether the previous order of Judge Peck should have been considered at all in the determination of the motions before Judge Glenn.

9. Whether the previous order of Judge Peck was considered in the determination of the motions before Judge Glenn.

10. Whether the appeal of the previous order of Judge Peck should be decided before consideration of the appeal of the order dismissing the Debtor's case.

11. Whether documents filed before entry of the order dismissing the Debtor's Chapter 13 case constitute grounds for modification of said order pursuant to Fed.R.Bankr.P. 9023 and/or 9024.

12. Whether the Debtor's application for an adjournment was considered by the Court.

13. Whether the Debtor's application for an adjournment should have been considered by the Court.

14. Whether the Debtor's application for an adjournment should have been determined by the Court before proceeding to a hearing on the merits of the Trustee's motion to dismiss.

15. Whether the Debtor participated in a hearing on the merits of the Trustee's motion to dismiss.

16. Whether the Debtor should have been allowed to participate in a hearing on the Trustee's motion to dismiss.

17. Whether an order based on the changed list of documents available at the time of the hearing should have been settled pursuant to Local Bankruptcy Rule 9074-1.

18. Whether the order dismissing the Debtor's case should have been electronically filed when it was submitted.

19. Whether the Debtor should have been permitted to submit a counter-order to the order submitted by the Trustee dismissing the Debtor's case.

20. Whether the Debtor had "ample" opportunity to correct the shortcomings that were cited in the decision to dismiss his bankruptcy case.

21. Whether the Debtor's Order to Show Cause to stay enforcement of the State Court judgment of possession should have been decided before the Debtor's motion for reconsideration.

Dated: New York, New York
        March 20, 2008

/s/ <u>Mayne Miller</u>
(MM 4106)
21-55 45th Road
Long Island City, New York
Mail: P.O. Box 8050, GPO
New York, NY 10116
(718) 472-1900
Attorney–Debtor