# MAYNE MILLER
ATTORNEY-AT-LAW
21-55 45th Road
Long Island City, New York
P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
waywilman@gmail.com

May 28, 2008

Hon. John G. Koeltl
Judge of the United States District Court
Southern District of New York
500 Pearl Street, Room 12B
New York, NY 10007
(212) 805-6715

       re: *In re Mayne Miller*, Docket No. 08-cv-4306 (JGK)

Dear Judge Koeltl:

  I am self-represented attorney in the above-referenced appeal of the dismissal of my Chapter 13 bankruptcy case, and I write this letter application for an extension of time in which to file the Appellant's Brief. The Court's Docket sheet indicates that the Brief is "due" on May 27, although from the date the Notice of Appeal was docketed, it appears that the deadline is in fact May 29, pursuant to Fed.R.Bankr.P. 8009. No previous application for an extension of time has been made. I advised the Appellee, Jeffrey L. Sapir, standing Chapter 13 Trustee, and the attorney for the only other party to have appeared (79 East Owner, LLC) of this request yesterday via e-mail and received no response.

  Your Honor has issued no prior scheduling order in this appeal. An unusual amount of extended time is requested because of two circumstances beyond my control. (1) It has been almost three months since I ordered the transcripts for the pertinent hearings from an approved court reporting service, but not only have I not received the transcripts (nor have they been filed with the Bankruptcy Court), but I have not received any response to my repeated inquiries on the progress of my order. The Brief obviously cannot be effectively composed until the record is complete. (2) It is anticipated that an application will be made to consolidate the within appeal with the appeal of an earlier order by a different Bankruptcy Judge (assigned to Your Honor under Docket No. 08-cv-4305) denying reconsideration of an oral comment at an unrelated hearing that my applications for an extension of the time in which to file the debtor's schedules, statement of financial affairs, Form 22C, and proposed Chapter 13 plan (the "Required Documents"), which I had expected would be granted to some extent, had instead been ignored. That comment was never reduced to an order; therefore it is essential to obtain the transcript from that hearing as well, and that transcript has also not been produced by the reporter from whom it was ordered. However, the application for that extension cannot be made now because the Clerk of the Bankruptcy Court, asserting that he had never received the designation of record and statement of issues that I thought I had filed in March, unilaterally transmitted the bankruptcy file to the Clerk of this Court with a recommendation that the appeal be dismissed for failure to file said designation and statement; and Your Honor did sign an order dismissing that appeal, entered May 19. This unexpected event necessitates a separate motion pursuant to Fed.R.Civ.P. 59 before consolidation may be sought, and I have not yet had time to prepare that motion. I therefore request an extension of approximately four weeks from the determination of the Rule 59 motion and the application to consolidate the two appeals. Inasmuch as the dismissal of my bankruptcy case was grounded exclusively on the delay caused by the untimely filing of the Required Documents (all of which were filed before the dismissal order was entered), the refusal of the Bankruptcy Court to allow additional time for filing the required documents impacts directly on the within appeal.

  Thank you for your consideration of this matter.

           Yours respectfully,

                  /s/ <u>Mayne Miller</u> (MM 4106)

cc: Jeffrey L. Sapir, William J. Neville, Esqs. (via e-mail)