1:08-CV-04305
1:08-CV-04306

*United States District Court*
*Southern District of New York*

-----------------------------------------------

**IN RE: MAYNE MILLER,**

Debtor

-----------------------------------------------

Mayne Miller,

      Debtor-Appellant

v.

Jeffrey L. Sapir, Chapter 13 Trustee

      Trustee-Appellee

-----------------------------------------------

*On Appeal from the United States Bankruptcy Court*
*For the Southern District of New York*

*MEMORANDUM OF LAW*

    Jeffrey L. Sapir, Esq.
    Attorney for Appellee
    399 Knollwood Road, Suite 102
    White Plains, New York 10603
    Tel. 914-328-7272

| | |
|---|---|
| United States Trustee | Mayne Miller, Esq. |
| Southern District of New York | Debtor-Appellant |
| 33 Whitehall Street | 21-55 45th Road, 2nd Floor |
| New York, N.Y. 10004 | Long Island City, N.Y.10111 |
| Tel. 212-510-0500 | Tel. 718-472-1900 |

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**…………………………………….. Page ii

**PRELIMINARY STATEMENT**………………………………… Page  2

**STATEMENT OF FACTS**……………………………………… Page  2

**ARGUMENT  POINT I**

    **APPELLANT FAILED TO MEET THE
BURDEN OF ESTABLISHING THAT THE
BANKRUPTCY COURT WAS CLEARLY
ERRONEOUS.**       …………………………….        Page   3

**ARGUMENT POINT II**

    **FAILURE TO TIMELY FILE A CHAPTER 13
PLAN IS GROUND FOR DISMISSAL**………..………. Page   5

**CONCLUSION** ………………………………………………….. Page   5

## TABLE OF AUTHORITIES

**Cases:**

In re Dudley 273 BR 197 (BAP 8th Cir 2002)…………………………………..5

In re Love   957 F2d 1350  (7th Cir 1992)………………………………………..4

In re Summons 256 BR 578 (D Md. 2001)……………………………………….5

**Statues:**

11 U.S.C. §1307……………………………………………………………….2, 3, 5

11 U.S.C. §1321…………………………………………………………………..3, 5

**Federal Rules of Bankruptcy Procedure:**

1007………………………………………………………………………………2

3015(b)……………………………………………………………………………..3, 5

8013……………………………………………………………………………….4

## PRELIMINARY STATEMENT

This is an appeal from an order of the Bankruptcy Court dismissing the Chapter 13 petition of Debtor/Appellant Mayne Miller (Appellant).  It is the Chapter 13 Trustee's position that the Appellant has failed to meet his burden of showing that the Bankruptcy Court was clearly erroneous.  The Bankruptcy Court was correct in dismissing the petition as the Debtor/Appellant failed to comply with the requirements of Chapter 13, in that he failed to file a Chapter 13 Plan.  The Debtor does not dispute this fact, but once again makes excuses for his own failure.

## STATEMENT OF FACTS

The Appellant filed a Chapter 13 proceeding on or about November 1, 2007 (07-13481). The Appellant did not file the complete set of required documents and by order to show cause dated November 19, 2007, he requested an extension of time to file the missing schedules and statement of affairs pursuant to Rule 1007 of the Federal Rule of Bankruptcy Procedure.  His motion for an extension of time requested that he be given until December 10, 2007 to complete the filing.  At the hearing on December 13, 2007, Judge Peck denied the application.  Indeed, even three days after the requested time expired, the Debtor had not filed the required documents.

The Chapter 13 Trustee moved to dismiss the case pursuant to §1307 of the Bankruptcy Code..  The motion was returnable before Judge Glenn on January 24, 2008 and was granted because the Appellant still had not filed a Chapter 13 plan.  Specifically, "The Court

further finds that cause exists to dismiss this case under 11 U.S.C. §1307(c )(3) in that the debtor failed to file a plan under 11 U.S.C.§1321 and Federal Rules of Bankruptcy Procedure 3015(b)" (Judge Glenn order of January 24, 2008.)  Despite Appellant's insistence that the trustee refused to accept payments, the truth is that Appellant never tendered payment.

Appellant moved first for reconsideration of the January 24, 2008 order and then by order to show cause seeking a stay of dismissal.  Judge Glenn denied both of these requests stating that, "Miller had ample opportunity to correct the shortcomings that ultimately resulted in the dismissal of his case".  (Judge Glenn order dated February 28, 2008.)

Appellant's next step was to this Court seeking a stay of the order dismissing the Chapter 13 proceeding.  This Court's decision of Judge Robert M. Berman denied the request finding that Appellant had not met the burden for establishing whether a stay pending appeal is appropriate.,  According to Judge Berman, "the Court concludes, among other things, that Mr. Miller is unlikely to succeed on the merits on an appeal….".  (order dated March 24, 2008).

Just after the denial of the stay pending appeal, Miller filed a second Chapter 13 proceeding (08-11418).  This case is still pending before Judge Glenn.

Miller then returned to this Court seeking a reargument of the denial of the stay pending appeal.  By order of Judge Berman, dated May 2, 2008, the court found that the, "motion for reconsideration lacks merit because, among other things, it repeats substantially the same arguments presented in earlier submissions to this Court."

**POINT 1**

**APPELLANT FAILED TO MEET THE BURDEN OF ESTABLISHING THAT THE BANKRUPTCY COURT WAS CLEARLY ERRONEOUS**

Rule 8013 of the Federal Rules of bankruptcy Procedure provides the following:

> On an appeal, the district court of bankruptcy appellate may affirm, modify or reverse a bankruptcy judge's judgment, order or decree, or remand with instructions with instructions for further proceeding. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless <u>clearly erroneous</u>, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. (Emphasis added).

The Appellant has made no allegations, let alone showing, that the Bankruptcy Court was clearly erroneous in dismissing this case. The Seventh Circuit noted in <u>In re Love,</u> 957 F.2d 1350, 1354 (7th Cir. 1992):

> The clearly erroneous standard requires this court to give great deference to the bankruptcy court, the trier of fact. Under this standard, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, Indeed, reversal under the clearly erroneous standard is only warranted if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as a trier of fact.

Judge Glenn made no error whatsoever in dismissing this Chapter 13 proceeding. The Debtor had more than ample time to file all the required documents including the filing of a plan. Indeed, the Appellant had from the time of his filing on November 1, 2007 until the return date of the Trustee's motion to dismiss on January 24, 2008 to file a plan.

The standard of review for this Court is a determination of whether the Bankruptcy Court was clearly erroneous. Appellant fails to acknowledge this standard let alone meet its burden. There is no denying the fact that the Chapter 13 plan was not timely filed. Failure to file a plan is clear ground for dismissal and the Bankruptcy Court was absolutely correct in granting the Trustee's motion. All Appellant has ever presented were excuses for not meeting his responsibilities as a Chapter 13 debtor.

Appellant's Memorandum of Law ironically cites no law whatsoever. It is merely a rehashing of all the excuses for not complying with the bankruptcy Code. The fact that the Debtor is an attorney with other work obligations and therefore without the time to comply is a lame excuse at best. The allegation that since he was not being paid prevented him from preparing his own paperwork is absurd. Chapter 13 was Miller's choice and he should have been able to comply with its requirements.

## POINT II

### FAILURE TO FILE A CHAPTER 13 PLAN IS CLEAR GROUND FOR DISMISSAL

Chapter 13 is a voluntary proceeding. The "bonanza" discharge afforded is something Chapter 13 debtors seek. While obviously not an ideal situation, Chapter 13 is not forced on any debtor. Compliance with the requirements of the Bankruptcy Code and Rules is vital and failure to comply is ground for dismissal.

According to §1321 of the Bankruptcy Code, "the debtor shall file a plan". According to Rule 3015(b) of the Federal Rules of Bankruptcy Procedure, "if a plan is not filed with the petition, it shall be filed within 15 days thereafter, and such time may not be further extended except for cause shown, and on notice as the court may direct".

Failure to file a plan is clearly cause for dismissal pursuant to § 1307 (c )(3). (See In re Dudley, 273 BR197 (BAP 8th Cir. 2002). In re Summons, 256 BR578 (D.Md. 2001). Appellant does not dispute his failure to file a plan but blames the failure on anyone but himself. There was ample time to file a plan and nothing beyond his control which prevented it.

## CONCLUSION

       For the foregoing reasons, it is respectfully requested that the Bankruptcy Order Dismissing the Chapter 13 Proceeding be upheld and this appeal denied.

**Dated: White Plains, New York**
       **August 5th, 2008**

                                         **/s/ Jeffrey L. Sapir**
                                         **Jeffrey L. Sapir**
                                         **Chapter 13 Trustee**
                                         **By Jody L. Kava, Esq.**
                                         **Office & P.O. Address**
                                         **399 Knollwood Road**
                                         **White Plains, New York 10603**
                                         **Tel. 914-328-6333**