UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Docket No. 08-CV-(4306)(JGK)
BANKRUPTCY COURT Case No. 07-B-1348(MG)
-----------------------------------------------------------X

In Re:
 MAYNE MILLER,

                              Debtor
-----------------------------------------------------------X

MAYNE MILLER,
                          Appellant,

     -Against-

JEFFREY L. SAPIR, as Chapter 13 Trustee,
79 EAST OWNER LLC
                          Appellees

═══════════════════════════════════════════════════════════════

**APPELLEE'S BRIEF**

═══════════════════════════════════════════════════════════════

MITOFSKY SHAPIRO NEVILLE & HAZEN LLP
Attorneys for Appellee 79 East Owner LLC
152 Madison Avenue, Third Floor
York, NY  10016
(212)736-0500

**TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . | 3 |
| STATEMENT OF ISSUES PRESENTED ON APPEAL................................ | 5 |
| STATEMENT OF FACTS ................................. | 6 |
| CONCLUSION . . . . . . . . . . . . . . . . . . . . . . | 12 |

**PRELIMINARY STATEMENT**

This brief opposes appellant's appeal of the January 24, 2008 order dismissing the bankruptcy case and the February 28, 2008 order denying the motion for reconsideration because appellant fails to establish that the Bankruptcy Court was clearly erroneous when it dismissed the first bankruptcy case or overlooked controlling principles of law or misapprehended material issues of fact when it denied reconsideration.

The court should dismiss the appeal because appellant filed a new bankruptcy petition under case number 08-11418(MG) making this appeal moot. Appellant does not explain why he needs to appeal these orders when he has not shown any prejudice from the orders, he filed a second bankruptcy case and currently has a stay from that case in effect.

Appellant suffered no prejudice from the court applying the law and refusing to extend the time to file a plan. The dismissal of the case was based on his not timely filing a confirmation plan which he should have filed by November 16, 2007 and not making payments to the trustee which also should have started around November 16, 2007. Respondent does not dispute that the statute required him to file the confirmation plan by November 16, 2007 and that failing to timely file a plan is a ground to dismiss the bankruptcy case. Previously, appellant only requested an extension until December 10, 2007 (paragraph 19 of the November 19, 2007 declaration; ECF Doc No. 9). So by January 24, 2008, he already had a much longer extension than he asked for in the ex

parte order to show cause Bankruptcy Court declined to sign and over two months more than the statute requires.

Even if he can argue prejudice, appellant admits that he did not file the plan as required by 11 U.S.C. §1307[c] and §1321 and §3015(b) of the Federal Rules of Bankruptcy Procedure by November 16, 2007 or by the deadline he gave himself in the request to Judge Peck of December 10, 2007.  No showing was made that the Bankruptcy Court misapplied controlling principles of law when it dismissed the first bankruptcy case and denied reconsideration.  So, the court should dismiss this appeal.

STATEMENT OF ISSUES PRESENTED ON APPEAL

1. On a motion to dismiss, should Bankruptcy Court apply the law as written in the Bankruptcy Code and Rules and dismiss a debtor's case where the debtor has not complied with the obligations of the law?

2. On a motion for reconsideration, should Bankruptcy Court adhere to its original decision where the debtor neglects to show that the court overlooked controlling principles of law or misapprehended material facts?

3. Has Appellant proved that Bankruptcy Court's orders were clearly erroneous?

## STATEMENT OF FACTS

Appellant, an attorney, did not file the bankruptcy plan or any of the court's required schedules and failed to comply with the November 2, 2007 deficiency notice or Rule 1307[c] of the Federal Rules of Bankruptcy Procedure which gave appellant until November 16, 2007 to cure the numerous deficiencies (ECF # 3). On pages 4 and 5 of the January 4, 2008 decision and order, Bankruptcy Court denied appellant's request for an extension to file the plan because he had already taken the time he had asked for (ECF #23). If appellant was really interested in proceeding with the bankruptcy case, appellant would have filed the appropriate schedules when he filed the petition or, at least, during the time provided for in the deficiency notice or by the December 10, 2007 date he asked for (ECF #9).

Appellant moved for a stay pending appeal. In a March 24, 2008 order, the Honorable Robert M. Berman denied appellant's motion for a stay pending appeal (ECF #41). On May 2, 2008 Judge Berman's denied appellant's motion for reconsideration and concluded that appellant was unlikely to succeed on the merits of an appeal (ECF # 42).

Appellant is experienced in Bankruptcy Court practice. Since the warrant of eviction issued, appellant has no equity in the premises. The warrant of eviction issued in state court on April 3, 2008. By appellant retaining possession of the subject premises, he is denying the Creditor-Landlord use of its premises. A judgment of

possession was entered in the amount of $23,000.00 on January 8, 2008.  When the warrant of eviction issued in state court on April 3, 2008, the landlord-tenant relationship was terminated between 79 East and appellant. Appellant remains in possession owing $31,632.00 through August 2008 without accounting for the over $18,000.00 in legal fees appellant caused 79 East to incur.

  Appellant has obtained another stay by filing a second bankruptcy case under case No. 08-11418 MG.

**APPELLANT'S APPEAL LACKS MERIT**

Appellant failed to show the orders dismissing the first bankruptcy case or for reconsideration were clearly erroneous. Appellant neglected to establish that Bankruptcy Court was clearly erroneous, overlooked controlling principles of law or misapprehended material facts when it dismissed the first bankruptcy case in its January 24, 2008 Bankruptcy Court order and in its February 28, 2008 order denying reconsideration (*In re Perry H. Koplik & Sons, Inc.,* 2007 WL 3076921, *4 (Bankr. S.D.N.Y. October 18, 2007); *In re Asia Global Crossing Ltd*, 332 B.R. 520, 524 (Bankr. S.D.N.Y.2005); *In re Adelphia Business Solutions, Inc.*, 2002 WL 31557665, *1 (Bankr. S.D.N.Y. October 15, 2002); *In re Miller*, 2008 WL 110907 *4 (Bankr. S.D.N.Y. Jan. 4, 2008). Appellant admits he did not comply with his obligations under 11 USC §1321 and Federal Rules of Bankruptcy Procedure 3015(b) to file a plan by November 16, 2007. Appellant does not cite any new law or facts that occurred between the January 24, 2008 dismissal order and the motion for reconsideration filed on February 7, 2008.

Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources (*Cartier, A Div. of Richemont N. Am., Inc. v Aaron Faber, Inc.*, 396 F. Supp. 2d 356, 363 [SDNY 2005]). Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusions reached by the

court (*Shrader v CSX Transp., Inc.*, 70 F.3d 255, 257 [2d Cir. 1995]).  On a motion for reconsideration, new facts, issues or arguments will not be considered.  *In re Spiegel*, 2007 WL 1080190, *3 (Bankr. S.D.N.Y. April 4, 2007); *In re Asia Global Crossing, Ltd.*, 332 B.R. at 524; *In re Miller*, 2008 WL 110907 *4 (Bankr. S.D.N.Y. Jan. 4, 2008).  Appellant has not presented any evidence that he submitted material new facts or binding precedent in the interim between the Bankruptcy Court's January 24, 2008 order and the February 28, 2008 order denying reconsideration.  So, Bankruptcy Court properly denied the motion for reconsideration.

     The burden of showing either manifest injustice or error of law is on appellant and is construed strictly against appellant.  *In re WorldCom, Inc., 2007 WL 4179316,* *1 (Bankr. S.D.N.Y. Nov. 27, 2007); (Bankr. Ct. Order, dated February 28, 2008 ECF # 42).  Appellant failed to meet his burden. Appellant has not shown that Bankruptcy Court was clearly erroneous when it concluded that appellant had ample opportunity to correct the shortcomings that ultimately resulted in the dismissal of his case.  Rule 8013 of the Federal Rules of Bankruptcy Procedure required appellant to prove that the orders of Bankruptcy Court were clearly erroneous.  Also, Rule 8013 provides that due regard should be given to the opportunity of Bankruptcy Court to judge the credibility of appellant.

     Appellant admits that he violated the law.  He admits that he did not timely file the plan.  The Legislature provided that failing to file a plan is a ground for dismissing a bankruptcy case (11 U.S.C. §1307[c][3]).  He asks this court to reverse the Bankruptcy Court and allow him to pick and choose what portions of the law he should follow.

The court should consider the appeal in terms of the actual background of this case, taking into consideration appellant's violation of the law, lack of good faith, inexcusable procrastination or dilatory conduct.  Since reversing the January 24, 2008 and February 28, 2008 orders would subvert the sound policy in favor of finality of judgments, the court should carefully consider the necessity of the appeal. Appellant has obtained another stay by filing a new bankruptcy case under case No. 08-11418 MG.

Reversing the January 24, 2008 and February 28, 2008 orders will prejudice creditor, will delay and frustrate the efficient administration of the court.  The delay in filing the plan was within the control of appellant who is an experienced bankruptcy attorney.  Appellant has not acted in good faith throughout the litigation with 79 East. So, the court should refuse to reverse the January 24, 2008 and February 28, 2008 orders.  Dismissal of the bankruptcy case was the result of appellant's negligence, indifference or culpable conduct.  There was no act of God or unforeseeable human reason for not complying with the law and Bankruptcy rules.  Vacating the January 24, 2008 and February 28, 2008 orders will frustrate the Bankruptcy Code's goals of certainty and finality in resolving disputed claims.

Based upon the facts of the state court proceeding and this case, appellant cannot demonstrate that the bankruptcy filing and his vexatious litigation tactics were for any purpose other than delay, harassment and to remain in occupancy/control of the rent-regulated apartment. Judge Peck found (on page 7 of his January 4, 2008 order; ECF #23) that appellant filed the bankruptcy case for strategic purposes to preempt a

judgment in Civil Court and to protect his interest in the apartment when he was struggling with inadequate revenue from his law practice.  The filing was not a good faith filing to organize finances and pay debts, but was used as a sword against this creditor-landlord.  Similarly, his pattern of not complying with his obligations under the law, blaming others, making excuses, motions and motions for reconsideration show appellant's bad faith.

Appellant has not presented any proof that the Bankruptcy Court misapplied law and why appellant should be allowed to violate the law with impunity. Appellant has not shown that dismissing the appeal was clearly erroneous or that the Bankruptcy Court overlooked controlling principles of law or misapprehended material facts. Appellant's excuses and speculation are insufficient to grant reconsideration or reverse the January 24, 2008 and February 28, 2008 orders.  Here, appellant has not shown that Bankruptcy Court misapplied the law.  So, the court should dismiss the appeal.

All appellant had to do to continue the case was to file the bankruptcy plan when he filed the bankruptcy petition on November 2, 2007 or within the time allowed in the November 2, 2007 deficiency notice (ECF #3).  Appellant admits he ignored the law and the November 2, 2007 deficiency notice and still had not filed the papers by the December 13, 2007 court date. He did not even file the plan by the January 24, 2008 hearing on the December 20, 2007 motion.  The Bankruptcy Court considered and rejected appellant's excuses and arguments.  Appellant merely makes excuses for failing to comply with his obligation to timely file the bankruptcy plan.

CONCLUSION

One of appellant's purposes in pursuing this appeal is to prevent 79 East from enforcing the state court January 8, 2008 judgment of possession for as long as possible. This is part of the debtor's pattern of delay. The court should dismiss the appeal because appellant has obtained a new stay in Bankruptcy Court by filing a second bankruptcy case, because he did not prove that Bankruptcy Court was clearly erroneous, misapplied the law, overlooked controlling principles of law or misapprehended material facts.

The court should also dismiss the appeal because appellant is a chronic litigant who has not proven good cause to vacate the orders or that the equities balance in his favor. If this court reverses the January 24, 2008 order dismissing the bankruptcy case and the February 28, 2008 order denying reconsideration, appellant will have succeeded in using his knowledge of the court system to manipulate the system and continue to prevent 79 East, to its detriment, from obtaining its remedy to regain legal possession of its apartment.

                Respectfully submitted,

                s/_____

                William J. Neville (8906)

                MITOFSKY SHAPIRO NEVILLE & HAZEN LLP
                Attorneys for Appellee 79 East Owner LLC
                152 Madison Avenue, Third Floor
                York, NY  10016
                (212)736-0500

Miller & 79 east sdny